IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA

v.                                                                                      CRIMINAL ACTION NO. 6:13-00183

MATTHEW JOHN WIGGINS

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's Motion in Limine to Preclude Other Bad Acts Evidence at Trial, ECF No. 78. For the reasons below, the Court **GRANTS in part** the Motion, in regard to the sealed evidence obtained through Defendant's participation in the Bureau of Prisons Sex Offender Treatment Program. The Court continues to **hold in ABEYANCE** Defendant's Motion regarding his 2002 supervised release revocation.

In the Memorandum attached to the instant Motion, Defendant argues, *inter alia*, that the psychotherapist-patient privilege applies to the communications he shared with the Bureau of Prisons (BOP) as part of his participation in its Sex Offender Treatment Program (SOTP)—which directly led to the sealed documentary evidence that the Government now seeks to introduce at trial under Federal Rule of Evidence 404(b)—and, thus, such evidence must be excluded. Mem. Supp. Def.'s Mot. Limine Preclude Other Bad Acts Evidence Trial 5-8, ECF No. 85. The Government filed a Response, ECF No. 95, which was unresponsive to this argument. At the pretrial motions hearing on February 19, 2014, and via the Court's attendant Order, ECF No. 98, the Court directed the Government to file a supplemental response on just this issue and allowed for Defendant to file a reply. Both have done so, ECF Nos. 108 & 106. This portion of this Motion is, thus, now ripe for review.

## I. Background

Upon his apparently voluntary entry into the BOP's SOTP in 2001, Defendant signed an Informed Consent Form, which states, in pertinent part, under the heading "Informed Consent and Statement Regarding Limited Confidentiality":

> I understand that my confidentiality will be protected at all times, except in cases where there is potential harm to myself or others, or when the security of the correctional institution is threatened. I also understand that the staff of the SOTP and Federal Bureau of Prisons, Department of Justice, and United States Probation Office may share information regarding my case.
> As mandated by state laws, mental health professionals are required to report any incident or suspicion of child abuse or neglect, past or present, to child protective and law enforcement agencies in the jurisdiction where the abuse occurred. Although admitting to unreported crimes may result in additional criminal prosecution, the SOTP strongly encourages all of its participants to be completely honest about the extent of their sexual deviance and sexual offense history. Providing self-incriminating information is not an interest of the Sex Offender Treatment Program and you will not be pressured to provide such information. However, assuming responsibility for past, unreported sexual crime is viewed as evidence of significant progress in treatment.
> My signature below acknowledges my voluntary participation in the program and my understanding of the mandatory child abuse reporting laws to which all mental health professionals are subject.

Offender Treatment Program Informed Consent 2, ECF No. 85-1.[1] An earlier portion of the form, under the heading "Release Planning"—which is partially cut off—states, "Detailed treatment summaries and relapse prevention plans are mailed to the [missing portion of form] . . . and others if deemed appropriate." *Id.* at 1-2.

## II. Applicable Law

Federal Rule of Evidence 501 states, "The common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed

---

[1] The Court recognizes that this form is part of the sealed materials filed by Defendant in support of the instant Motion. However, the form, itself, and the contents reproduced herein are not sensitive. Defendant's participation in the BOP SOTP was acknowledged by Defendant in his unsealed Reply. Def.'s Reply 5.

by the Supreme Court."

In *Jaffee v. Redmond*, the Supreme Court held that "communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 . . . ." 518 U.S. 1, 15 (1996). The Court noted that "there is a general duty to give what testimony one is capable of giving, and . . . any exemptions which may exist are distinctly exceptional . . . ." *Id.* at 9 (internal quotation marks omitted). However, the Court recognized the psychotherapist-patient privilege because such a relationship "is rooted in the imperative need for confidence and trust." *Id.* at 10. The Court also rejected "the balancing component of the privilege implemented by . . . a small number of States," stating that "[m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." *Id.* at 17. The Court found that it was "neither necessary nor feasible to delineate [the privilege's] full contours in a way that would govern all conceivable future questions in this area," but noted that it did "not doubt that there are situations in which the privilege must give way, for example, if a serious threat of harm to the patient or to others can be averted only by means of a disclosure by the therapist." *Id.* at 18 & n.19 (internal quotation marks omitted).

To assert the psychotherapist-patient privilege, "a party must show that the allegedly privileged communications were made (1) confidentially (2) between a licensed psychotherapist and her patient (3) in the course of diagnosis or treatment." *Richardson v. Sexual Assault/Spouse Abuse Res. Ctr., Inc.*, 764 F. Supp. 2d 736, 739 (D. Md. 2011) (internal quotation marks omitted). The Fourth Circuit has stated:

> Like all testimonial or evidentiary privileges, the psychotherapist-patient privilege must be strictly construed. . . . [T]he holder of [a privilege] may waive the privilege

> either expressly or impliedly by a voluntary disclosure to a third party. . . . The burden rests on the person invoking the privilege to demonstrate its applicability, including the absence of any waiver of it.

*United States v. Bolander*, 722 F.3d 199, 222 (4th Cir. 2013) (citations omitted) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 549 (U.S. 2013). "A patient may waive the psychotherapist-patient privilege by knowingly and voluntarily relinquishing it. A waiver may occur when the substance of therapy sessions is disclosed to unrelated third parties or when the privilege is not properly asserted during testimony." *Id.* at 223 (finding that the defendant had waived any privilege he may have had in communications made during his participation in the BOP's SOTP by disclosing records to his own expert and by discussing, without objection, his participation in the program at a deposition—without deciding whether the communications, themselves, were actually protected under the psychotherapist-patient privilege).

The *Bolander* court briefly discussed—without deciding—a key issue presented in this case:

> The government also argues that Bolander waived any psychotherapist/patient privilege he may have enjoyed when he executed the "INFORMED CONSENT FORM" as part of his participation in the SOTP. By executing this consent form, Bolander acknowledged that the information he provided in the program may be disclosed by the SOTP. The consent form states: "I also understand that the staff of the SOTP and Federal Bureau of Prisons, Department of Justice, and United States Probation Office may share information regarding my case." The meaning of this provision in the consent form is ambiguous because it is unclear whether the information disclosed by Bolander could be "share[d]" amongst only these federal agencies or "share[d]" by these agencies with third parties, such as an expert in a civil commitment proceeding. Bolander says the ambiguity is resolved by the provision in the consent form that says his "confidentiality will be protected at all times." Bolander posits that this provision means that the information he provided in the SOTP could not be disclosed to third parties; otherwise, his confidentiality would not be protected. We need not resolve the government's waiver argument premised on the consent form because there are other bases in the record in which to find a waiver of any psychotherapist/patient privilege Bolander may have enjoyed.

*Id.* at 224 n.14 (citations omitted). The court also noted, "Bolander suggests that a defendant in

need of psychotherapy treatment will be forced to make the unenviable choice of foregoing treatment altogether or receiving treatment and thereby waiving the psychotherapist-patient privilege. We certainly are not insensitive to the Hobson's choice faced by a person in Bolander's position." *Id.* at 223.

### III.   Analysis

In its supplemental response, the Government argues either that Defendant had no privilege in communications made in the context of the SOTP in the first place—because the Government has a legitimate interest in such communications—or that Defendant entirely waived any privilege he would have had through the Informed Consent Form because the form allowed for disclosure to "third parties" and for disclosure mandated by state law under certain circumstances. Gov't's Supp. Resp. 5-6. The Government cited multiple cases in support of these contentions, but none are on point.

Importantly, Defendant's participation in the SOTP was not mandated; he voluntarily participated in a mental health program which had the stated goal of *treating* sex offenders, not gathering evidence for later prosecutions. This is precisely the type of situation for which the psychotherapist-patient privilege was created; thus, absent any waiver, the privilege applies to the sealed evidence the Government seeks to admit.

The Government's argument that the Informed Consent Form completely negates any privilege Defendant may have had is not supported by any law or by the evidence, itself. As the Fourth Circuit acknowledged in *Bolander*, the form's statement that "the staff of the SOTP and Federal Bureau of Prisons, Department of Justice, and United States Probation Office may share information regarding [Defendant's] case" is ambiguous. Does this mean that any of these agencies can use Defendant's otherwise confidential communications in the SOTP for any purpose

whatsoever and/or disclose it to anyone? Or does it mean that they can merely share this information amongst themselves toward the limited purposes under which disclosure is otherwise allowed, including "where there is potential harm to [Defendant] or others[] or when the security of the correctional institution is threatened" or under the requirement that mental health professionals "report any incident or suspicion of child abuse or neglect, past or present, to child protective and law enforcement agencies in the jurisdiction where the abuse occurred"? The first option would functionally deprive defendants of the psychotherapist-patient privilege in criminal cases, clearly leaving them with the Hobson's choice recognized in *Bolander*. The second option appears much more likely to be the intent of the drafters of the form, given the treatment aim of the SOTP. Regardless, a defendant can only *knowingly* and voluntarily waive his psychotherapist-patient privilege. Given the ambiguous wording of the provision allowing for information-sharing amongst the BOP, the Department of Justice, and the United States Probation Office, the Court simply cannot find that this provision adequately informed Defendant of its near-endless repercussions such that he knowingly waived the psychotherapist-patient privilege.

Beyond this ambiguous phrase, the Informed Consent Form allows for the disclosure of otherwise confidential communications only in specifically delineated circumstances. Even if this Court were to take the words "admitting to unreported crimes may result in additional criminal prosecution" out of the context of the remainder of its paragraph, no reasonable person would assume that to mean that, like in this situation, a defendant's admission to a prior crime would result in not prosecution for that prior crime, but the admission of the defendant's statements under Rule 404(b) in support of a wholly new, later-charged crime. The form's prior sentence, stating that "mental health professionals are required to report any incident or suspicion of child abuse or neglect, *past or present*, to child protective and law enforcement agencies *in the jurisdiction where*

*the abuse occurred*" further supports the interpretation that a past crime will be reported to authorities for the purpose of prosecuting the defendant for that past crime—not for the purpose that the Government here requests. The circumstances under which Defendant waived his right to confidentiality—and thus, his right to assert the psychotherapist privilege—through the Informed Consent Form are simply not present in this case. Thus, Defendant has properly asserted—and proven the applicability of—the psychotherapist-patient privilege to block the admission of the sealed evidence gathered during his participation in the SOTP.

### IV. Conclusion

For the reasons above, Defendant's Motion in Limine to Preclude Other Bad Acts Evidence at Trial, ECF No. 78, is **GRANTED in part**, in regard to the sealed evidence obtained through Defendant's participation in the Bureau of Prisons Sex Offender Treatment Program. The Court continues to **hold in ABEYANCE** Defendant's Motion regarding his 2002 supervised release revocation.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals Service

ENTER:   February 25, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE