IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 6:13-00183

MATTHEW JOHN WIGGINS

**MEMORANDUM OPINION AND ORDER**

Pending is the Government's motion, within its Memorandum in Support of Motion *in Limine* to Admit Evidence of Other Crimes, Wrongs or Acts Pursuant to Federal Rule of Evidence 404(b),[1] ECF No. 100, to admit evidence of Defendant's use of a computer in violation of the terms of his supervised release and of his use of the computer program "Clean Sweep" and attempted use of the computer program "Crypto Wipe" in order to remove data from that computer under Federal Rule of Evidence 404(b). For the reasons below, this motion is **GRANTED in part** and **DENIED in part**.

At the Pretrial Motions Hearing on February 19, 2014, and in its attendant Order of the same day, ECF No. 98, the Court directed the Government "to *disclose* to the defendant *precisely* what evidence of cleaning software/programs on the defendant's computer in 2002 it plans to introduce at trial, its theory of how such evidence is admissible under Rule 404(b), what witnesses it expects to call in regard to this evidence, and specifically to what each will testify by no later than 5:00 p.m. on February 20, 2014." Order 2-3, Feb. 19, 2014 (emphasis added). The Government filed the instant Memorandum within that time frame, stating that it planned to admit:

> Evidence that in 2002, defendant knowingly possessed a computer in violation of the conditions and terms of his supervised release and used one software program,

---

[1] No such motion was filed.

> "Clean Sweep," and attempted to use another program "Crypto Wipe," in order to remove data from the computer. These are sophisticated programs used to erase files including temporary internet files.

Gov't's Mem. Supp. Mot. in Limine 3. The Government also stated:

> Special Agent Franks will testify that defendant admitted to utilizing software designed to delete data contained on his computer. Special Agent Franks will explain how that software works and how defendant's use of it impacted the FBI's investigation. Chief Zutaut will testify that defendant violated the conditions and terms of his supervised release by possessing and operating a computer.

*Id.* Defense counsel informed the Court on February 21, 2014, that no discovery beyond the statements above regarding the 2002 computer cleaning software had been disclosed to him by the Government. Thus, on February 24, 2014, the Court issued an Order, ECF No. 109, directing the Government "to disclose to Defendant on or before February 26, 2014, any such evidence as it is required to disclose under the Rules." Order 1, Feb. 24, 2014.

It is apparent to the Court, based upon the Government's Motion to Continue Trial, ECF No. 112, Defendant's Response to that Motion, ECF No. 119, and the Government's Supplemental Reply to that Response, ECF No. 124, that the Government partially neglected to timely follow the Court's Order directing it to submit proper disclosure of this evidence to Defendant. *See* Gov't's Supp. Reply to Def's Resp. to Gov't's Mot. Continue Trial 1, Feb. 28, 2014 ("The United States neglected to mention in its reply that it had not yet received the FBI file regarding defendant's 2002 supervised release revocation. The United States expects to receive the FBI file soon, but will need time to review and ultimately disclose its contents to defendant."). Having prosecuted Defendant in his 2002 supervised release revocation, the Government has knowledge of and access to the evidence underlying the revocation, including evidence regarding the cleaning software which was on Defendant's computer in 2002.

In the instant case, on January 30, 2014, the Government was the first to bring up evidence from Defendant's 2002 supervised release revocation in its Response to Defendant's first five substantive motions. Gov't's Resp. to Def.'s Pre-Trial Mots. 2-3, 43, 45, ECF No. 63. In the exhibits to this Response, the Government included the U.S. Probation Office's 2002 petition to revoke Defendant's supervised release, ECF No. 63-4, which alleged both Defendant's possession of a computer and his admission to deleting files from the computer. On February 7, 2014, the Government noticed its intention to use other evidence from the 2002 supervised release revocation. Gov't's Notice Intention Use Evidence Pursuant Fed. R. Evidence 414(a) at 2, ECF No. 84. On that same day, Defendant filed a Motion in Limine to Preclude Other Bad Acts Evidence at Trial, ECF No. 78. The exhibits to that motion included the transcript from Defendant's 2002 supervised release revocation hearing, which specifically mentioned and discussed the computer cleaning software. Revocation Hr'g Tr. 9, 11-14, ECF No. 85-2. (The Court notes that this transcript was prepared on September 6, 2002, and the hyperlink to the transcript from the CM/ECF database for the prior case, Case No. 6:99-cr-00199-01, links to a document which informs the viewer how to receive a copy.)

It has been nearly a month since the Government first signaled its intention to use evidence from the revocation. The trial in this case is currently scheduled to occur in a little over one week. Most importantly, the Government has not abided by the Court's prescribed timeframe for disclosing some of the 2002 computer cleaning software evidence to Defendant. Thus, the Government's motion, within its Memorandum in Support of Motion *in Limine* to Admit Evidence of Other Crimes, Wrongs or Acts Pursuant to Federal Rule of Evidence 404(b), ECF No. 100, to admit evidence of Defendant's use of a computer in violation of the terms of his supervised release and of his use of the computer program "Clean Sweep" and attempted use of the computer

program "Crypto Wipe" in order to remove data from that computer under Federal Rule of Evidence 404(b) is **GRANTED in part** and **DENIED in part**.

The Government may only admit evidence: 1) through the testimony of FBI Special Agent Franks, that Defendant admitted in 2002 to using computer software designed to delete data from his computer and, 2) through the testimony of Chief U.S. Probation Office Keith Zutaut, that defendant violated the terms and conditions of his supervised release by possessing and operating a computer. Any further evidence regarding Defendant's use of a computer in 2002 in violation of the terms of his supervised release and of his use of the computer program "Clean Sweep" and attempted use of the computer program "Crypto Wipe" in order to remove data from that computer, including how that software works and how defendant's use of it impacted the FBI's investigation, is inadmissible as improperly disclosed.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals Service.

ENTER: February 28, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE