IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 6:13-00183

MATTHEW JOHN WIGGINS

MEMORANDUM OPINION AND ORDER

At the close of the Government's evidence on the second day of trial, Defendant made an

oral Rule 29 Motion for a Judgment of Acquittal on All Five Counts. For the reasons stated in the

record and as outlined herein, this Motion is **GRANTED in part** and **DENIED in part** as outlined

below. Counts I and III are **DISMISSED**.

First, Defendant argued that Counts I and III should be dismissed because the Government

failed to present evidence that Defendant knew that images of child pornography were being

downloaded to the temporary internet cache folder on the computer he was using at the library, and

given that all of the images of child pornography presented by the Government were retrieved

from that folder, the Government had thus failed to prove *knowing* receipt of child pornography by

Defendant. The Fourth Circuit recently stated as much in *United States v. Johnson*:

> Johnson . . . challenges the district court's decision to instruct the jury that,
> for purposes of receipt of child pornography under 18 U.S.C.A. § 2252A(a)(2),
> "[r]eceiving includes viewing an image online regardless of whether the image is
> downloaded." . . .
> We agree with Johnson that the jury instruction was erroneous inasmuch as
> it relied upon a single sentence in *United States v. Roszczipka,* 473 Fed. Appx. 211
> (4th Cir. 2012) (per curiam), without proper attention to its context. *See id.* at 212
> ("A defendant may 'receive' child pornography by viewing it online, regardless of
> whether he downloads the material."). The quoted language in *Roszczipka* speaks
> to § 2252A(a)(2)'s mens rea requirement, not to the proper definition of "receipt."
> *See United States v. Osborne,* 935 F.2d 32, 34 n. 2 (4th Cir. 1991) (observing that a

defendant had received child pornography where he "achieved the power to exercise dominion and control" over it). *Roszczipka* observes only that a defendant may "knowingly" receive child pornography by viewing it online *with the knowledge that it will be saved*—perhaps temporarily—to his computer's hard drive, even if he does not actively or purposefully download it.

> In ignoring this distinction, the instructions as they were phrased in this particular case improperly defined "receipt," ultimately informing the jury that Johnson could be convicted as long as he knowingly *viewed* illicit materials online, even if he did not knowingly *receive* them. The instructions thereby eliminated the requirement under § 2252A(a)(2) that the Government prove, circumstantially or otherwise, that Johnson knew that the images he viewed online would be saved to his computer or otherwise come into his possession. This was error.

523 F. App'x 219, 222 (4th Cir. 2013) (emphasis in original) (emphasis added) (citations omitted).

Further, the Court **FINDS** Defendant's recitation of the evidence to be accurate: 1) all of the images of child pornography presented by the Government were retrieved from a temporary internet cache folder, and 2) the Government has failed to meet its burden to show that Defendant knew that images of child pornography were being downloaded to the temporary internet cache folder on the computer he was using at the library. The Government merely proved that Defendant was viewing child pornography on the internet using the computer, not that he ever exercised any dominion or control over the images he viewed. *See United States v. Osborne*, 935 F.2d 32, 34 n.2 (4th Cir. 1991) (agreeing with the district court that knowing receipt of child pornography had been proven at "the point at which [the defendant had] achieved the power to exercise dominion and control over" the child pornography he had ordered). Further, though the Government presented evidence that Defendant had "wiping" software on his computer back in 2002, it never presented evidence of the nature of the files which the software deleted or the extent of Defendant's understanding of the deletions that the software would complete. Thus, the Court **GRANTS** Defendant's Motion regarding Counts I and III. These two counts are **DISMISSED**.

Defendant next argued that Counts I and II should be dismissed because no physical, forensic evidence of the images of child pornography alleged to have been viewed on January 16,

2013, was found on the computer Defendant was alleged to have been using on that date. Count I has already been dismissed. The Court **DENIES** this Motion regarding Count II because the Court **FINDS** that the Government has presented sufficient evidence that Defendant knowingly accessed with intent to view child pornography on the library computer on this date, primarily through proof that the Cybertip URL requests and associated images gathered on January 16, 2013, by the West Virginia Office of Information Security perfectly match the images and associated URLs from January 17, 2013, which were forensically gathered from the library computer—because Defendant chose to return the next day to the same library, the same computer, and the same website to view the same images again. Further the Government has submitted sufficient evidence that Defendant was the one using his former brother-in-law's library card number and pin to log into the computer on January 16, 2013, when he viewed the image underlying Count II. The proof that Defendant visited the same child pornography site and images using his own library card the next day merely adds to this evidence.

Defendant next argued that, regarding Counts I through IV, the Government had presented insufficient evidence to prove the necessary intent and that Defendant actually "accessed" the images. Counts I and III have already been dismissed. Counts II and IV require the Government to prove that Defendant knowingly accessed with intent to view child pornography on two separate dates. The Court **DENIES** this Motion regarding Counts II and IV because the Court **FINDS** that the Government has presented sufficient evidence of Defendant's intent and of his actual access to the child pornography images. The Government's expert, Detective Wolfe, testified that no image file would appear in the temporary internet cache folder unless it had indeed loaded on the page and become visible on the computer screen. Any doubt that Defendant had accessed and viewed at least some of the child pornography images on multiple occasions is foreclosed by the proof that

Defendant repeatedly visited the same site and the same images over two days and that the library's filtering software allowed the image files to load. Any doubt regarding Defendant's intent in accessing the webpages containing the images is foreclosed by both this evidence and by Detective Wolfe's testimony that the website at issue, yukikax.com, 1) grouped child pornography under different topic areas from adult pornography and 2) did not have images of child pornography on the home page; instead, Defendant had to click on topic titles such as "Lolita," "Jail Bait," or "Super Lolita" to view galleries or individual images of child pornography.

Defendant finally argued that Count V should be dismissed because the evidence which Defendant attempted to persuade his sister to destroy—the library card of Defendant's former brother-in-law—was not "material" to the Government's case in that the Government did not need the library card in order to try the case. The obstruction of justice statute under which Defendant is charged, 18 U.S.C. § 1512(b)(2)(B), states "Whoever knowingly . . . corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to cause or induce any person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding" shall be punished. There is no requirement that the object which the defendant is charged with attempting to destroy be vital to the prosecution's case. The Court thus **DENIES** this Motion regarding Count V.

For the reasons stated in the record and as outlined above, Defendant's oral Rule 29 Motion for a Judgment of Acquittal on All Counts is **GRANTED in part** and **DENIED in part**. Counts I and III are **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals Service.

ENTER:        March 13, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE