IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA

v.                                             CRIMINAL ACTION NO. 6:13-00183

MATTHEW JOHN WIGGINS

### MEMORANDUM OPINION AND ORDER

Pending is Defendant's Motion to Dismiss Count Four of the Second Superseding Indictment on the grounds that convicting Defendant on both Counts Two and Four would violate the Double Jeopardy Clause of the Fifth Amendment. ECF No. 171. For the reasons below, the Court **DENIES** the Motion.

### I.   Background

On the conclusion of a two day bench trial, the Court entered guilty verdicts against Defendant, Mr. Matthew Wiggins, on the following three Counts of the Government's Second Superseding Indictment:

- Count Two: Charging Defendant with knowingly accessing with the intent to view images of child pornography on January 16, 2013, in violation of 18 U.S.C. § 2252A(a)(5)(B).

- Count Four: Charging Defendant with knowingly accessing with the intent to view images of child pornography on January 17, 2013, in violation of 18 U.S.C. § 2252A(a)(5)(B).

- Count Five: Charging Defendant with knowingly and corruptly attempting to persuade a person to alter, destroy, mutilate, and conceal

> an object with the intent to impair the integrity and availability of said object in an official proceeding, in violation of 18 U.S.C. § 1512(b)(2)(B).

ECF No. 162; ECF No. 110. Counts Two and Four rely on the same charging statute. ECF No. 110. Conduct supporting Count Two occurred on January 16, 2013, at a public library, using a public terminal, and conduct supporting Count Four occurred at the same location, using the same computer, on the following day, January 17, 2013.

At trial, the Government limited the number of images to be introduced. In support of Count Two, the Government introduced one image. In support of Count Four, the Government introduced six images, none of which were duplicative of the image offered in support of Count Two. Defendant was not made aware of which images the Government would rely upon in pursuing the charges until Thursday, March 6, 2014, and Friday, March 7, 2014. The bench trial started the following Tuesday, March 11, 2014.

The Government produced further evidence at trial related to Defendant's use of the public library computer and Defendant's acts of accessing materials containing child pornography on both January 16, 2013, and January 17, 2013. That evidence included the following:

- At trial, Brian Raitz, director of the Wood County Public Library, testified that based on the log-in times associated with Defendant's library card and Jody Payne's library card—which had been used by Defendant—Defendant was the only person using INTERNET1 at the pertinent times on both January 16th and January 17th.

- At trial, internet history logs for INTERNET1 generated by West Virginia Office of Information Security and Controls were introduced. Gov. Ex. 14. These logs showed the internet sites accessed via INTERNET1 at the pertinent times on both January 16th

and January 17th. All of the image files presented in the associated PowerPoint Presentation were accessed at the pertinent times on both January 16th and 17th. Gov. Ex. 9.

- At trial, the Government introduced a spreadsheet showing three particular image files had been accessed via INTERNET1 at the pertinent times on both January 16th and January 17th. Gov. Ex. 14.

Thus, the evidence offered showed discrete acts of accessing materials containing child pornography on two consecutive days. Defendant argues that because the same or similar contraband materials were accessed on the two discrete days, only a single charge is appropriate and to allow convictions for both Counts Two and Four would impermissibly expose Defendant to multiple punishments for the same underlying offense conduct. ECF No. 171. The Government has objected to Defendant's Motion to Dismiss as untimely and without merit. ECF No. 173. Both the timeliness and underlying merit of Defendant's Motion are discussed in turn below.

## II. Timeliness of Defendant's Motion to Dismiss

### A. Applicable Law

Generally, a failure to object to an alleged defect in the indictment is waived if not raised before trial. Fed. R. Crim. P. 12(b)(3)(B); *United States v. Colton*, 231 F.3d 890, 909 (4th Cir. 2000). However, Rule 12(e) of the Federal Rules of Criminal Procedure provides that a court may grant relief of a waiver of any Rule 12(b)(3) defense for good cause. Relief pursuant to Rule 12(e) requires that the "moving party demonstrates cause for the failure to object and actual prejudice resulting from the defect." *Id*. (citing *Wainwright v. Sykes*, 433 U.S. 72, 84 (1997)).

In an unpublished per curium opinion, the Fourth Circuit held that a defendant may be entitled to the relief provided by Rule 12(e) where the basis for challenging the indictment was not

apparent until the Government presented its case at trial. *United States v. Buczkowski*, 458 Fed. Appx. 311 (4th Cir. 2011) (citing *United States v. Williams*, 89 F.3d 165, 167 n.1 (4th Cir. 1996) (granting relief from waiver via Rule 12(e) where the two counts in the indictment were not "ineluctably contradictory" until it became apparent at trial that both counts could not be simultaneously supported). In *Buczkowski*, the Defendant was indicted and convicted of twenty-seven counts of transporting child pornography and one count of possession of child pornography on the basis of transporting a single laptop containing twenty-seven files depicting child pornography. *Id*. at 313. The court explained that "[t]he transportation counts were not plainly 'ineluctably' multiplicitous until trial, thus good cause under Rule 12(e) relieved Buczkowski of the waiver." *Id*.

In contrast, out of circuit authority has less generously construed Rule 12(e), declining to provide relief from waiver where the basis for challenging the indictment was evident before trial or good cause was otherwise lacking. *See United States v. Seher*, 562 F.3d 1344, n.15 (11th Cir. 2009) ("Good cause is not shown where the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date."); *United States v. Soape*, 169 F.3d 257, 265-66 (5th Cir. 1999) (After first noting that a complaint claiming multiplicity of sentencing can be first raised on appeal, the court noted that the defendant had failed to show good cause where no mention was made of multiplicity of sentencing resulting from allegedly multiplicitous charges in the indictment); *United States v. Creech*, 408 F.3d 264, 270 (5th Cir. 2005) (In response to the defendant's argument that Count One charging conspiracy to commit arson rendered Counts Three through Seven charging mail fraud and aiding and abetting duplicitous, the court stated that "[o]bjections to the indictment, such as objections on the basis of duplicity, must be raised prior to trial."); *United States v. Klinger*, 128 F.3d 705, 708 (9th Cir.

1997) ("[Rule 12(b)(2)] requires a defendant to raise 'prior to trial' any objections 'based on defects in the indictment. . . . We further recognize that claims of multiplicity are subject to Rule 12(b)(2).").

### B. Application

The Government has argued that by failing to object to the alleged defect in the Second Superseding Indictment before trial, Defendant has waived this objection. In response, Defendant notes the limited warning that was provided before trial regarding precisely what evidence would be introduced at trial. Defendant argues that he has shown good cause to be granted relief from the waiver provision and actual prejudice would result from the multiplicitous charges in the form of increased sentencing and a second felony conviction.

Finding Defendant's Motion to Dismiss to be timely requires a generous reading of what circumstances might constitute good cause to grant relief from waiver. In the interest of reaching the merits of Defendant's Motion, the Court will allow the Motion.

### III.   Underlying Merits of Defendant's Motion to Dismiss

### A. Applicable Law

The Fifth Amendment's Double Jeopardy clause protects against multiple punishments for the same offense. *Bell v. United States*, 349 U.S. 81 (1955); *United States v Merchant*, 731 F.2d 186, 189 (4th Cir. 1984). Subject to constitutional limitations, Congress has the authority to define the unit of prosecution for an offense. *United States v. Johnson*, 612 F.2d 843, 845 (4th Cir. 1979). Multiple charges may be appropriate where the statute "proscribes distinct and separate acts." *Id.* at 846. In contrast, if a statute "prohibits continuous conduct, only one offense is committed even though the course of conduct persists over a long period of time." *Id.* at 845-846. When congressional intent regarding the appropriate unit of prosecution cannot be ascertained from the

statutory language or the statute's legislative history, "lenity should prevail, and only one prosecution is permissible." *Id.* at 846; *Bell*, 349 U.S. at 82.

The charging statute at issue in this case reads, in relevant part:

(a) Any person who—

(5)(B) knowingly possesses, ***or knowingly accesses with intent to view***, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography . . ."

18 U.S.C. § 2252A(a)(5)(B) (emphasis added). This statute was amended by Congress in 2008 specifically adding the words "or knowingly accesses with intent to view," following the comma after "possesses." Enhancing the Effective Child Pornography Prosecution Act of 2007, Pub. L. No. 110-358, § 203(b), 122 Stat. 4001 (2008). As explained in a Senate Report, the amendment "fills a gap in existing law that has led some courts to overturn convictions of possessors of child pornography. It amends the child pornography possession offense to clarify that it also covers knowingly accessing child pornography on the Internet with the intent to view child pornography." S.Rep. No. 110-332, at 5 (2008), available at 2008 WL 1885750 (2008); *see United States v. Ramos*, 685 F.3d 120 (2nd Cir. 2012). The Senate Report specifically identifies *United States v. Kuchinski*, 469 F.3d 853 (9th Cir.), as exemplifying the interpretive error this amendment was intended to correct. In *Kuchinski*, the court concluded that "[w]here a defendant lacks knowledge about his or her computer's cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him, for purposes of sentencing, with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images." *Id.* at 863.

It is thus apparent that the statute as revised contemplates conduct distinguishable from

possession characterized by "dominion and control," prompting a need to determine what the phrase "knowingly accesses" distinctly contemplates. Regrettably, there is limited existing in-circuit authority under this charging statute addressing "knowing access," with the vast majority of case considering charges for "knowing possession."[1]

Particularly given the dearth of case law directly on point, analysis should first consider the plain meaning of the revised statute. Black's Law Dictionary defines "access" as "an opportunity or ability to enter, approach, pass to and from, or communicate with." (9th ed. 2009). Webster's dictionary similarly defines "access" as "the ability or right to enter or use," adding with respect to usage relating to computers, that "access" may also be defined as an adjective meaning "to locate (data) for transfer from one part of a computer system to another."

Several circuits have considered the legality of merely viewing images containing child pornography on the internet without saving or storing those images in digital or hard copy, concluding that mere viewing of temporarily stored images is sufficient to support a charge for knowing possession or receipt of child pornography. *United States v. Ramos*, 685 F.3d 120 (2nd Cir. 2012) ("even assuming he viewed the images in question only in temporary internet files and did not save them to his hard drive," there is sufficient evidence to support a guilty verdict for knowingly possessing child pornography); *United States v. Kain*, 589 F.3d 945, 950 (8th Cir. 2009) ("The presence of child pornography in temporary internet and orphan files on a computer's hard drive is *evidence* of prior possession of that pornography [though not conclusive of knowing possession]. . ."; *United States v. Romm*, 455 F.3d 990, 998 (9th Cir. 2006) ("In the electronic context, a person can receive and possess child pornography without downloading it, if he or she

---

[1] In *United States v. Hayes*, 404 Fed. Appx. 753 (4th Cir. 2010) the defendant had pled guilty to accessing child pornography with the intent to view it, but appellate review was limited to the validity of his plea.

seeks it out and exercises dominion and control over it."); *United States v. Bass*, 411 F.3d 1198 (10th Cir. 2005) (affirming conviction for knowing possession of child pornography based on evidence that images viewed online had been saved in the computer's browser cache despite the defendant's claim that he was unaware that the computer would automatically save the images). Though not integral to the issue then before the court, the Forth Circuit has observed that "[s]ome courts have also suggested that, where a defendant repeatedly sought out child pornography, his conduct may serve as circumstantial evidence that he knowingly received it, regardless of the fact that his computer contains such images only in its temporary internet cache or unallocated spaces. *United States v. Myers*, 560 Fed. Appx. 184 (4th Cir. 2014) (citing *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011).

    B. *Application*

It is arguably clear based on the legislative history that the charging statute as revised did intend to reach mere access of materials containing child pornography even without the knowing possession, or storage, previously required by some courts under 18 U.S.C. § 2252A(a)(5)(B). The relevant act is thus not possession as characterized by dominion and control, but rather the intentional act of accessing with the intent to view materials containing child pornography. In contrast to the continuing nature of a possession charge, access depends on overt acts taken at a particular time. The appropriate unit of prosecution for the charged offense lies not in the number of separate and discrete devices on which prohibited material(s) may be stored or retained by an accused individual—as would be the case under a possession charge—but instead on the number of separate and discrete occasions that an accused committed the overt act of intentionally accessing prohibited material(s).

As supported by evidence introduced at trial, on January 16, 2013, Defendant went to the Parkersburg and Wood County Public Library in Parkersburg, West Virginia. Using his own library card and a library card borrowed from Defendant's former brother-in-law, Defendant then made use of a public access library terminal to intentionally access websites containing child pornography. In so doing, Defendant acted in violation of 18 U.S.C. § 2252A(a)(5)(B).

As supported by evidence introduced at trial, on January 17, 2013, Defendant returned to the Parkersburg and Wood County Public Library in Parkersburg, West Virginia. On this separate and distinct occasion, Defendant, using his own library card and a public access library terminal, intentionally accessed websites containing child pornography. In so doing, Defendant again acted in violation of 18 U.S.C. § 2252A(a)(5)(B). Because the act of intentional access occurred on two separate and distinct occasions, it is possible to sustain two counts and two convictions for violation of 18 U.S.C. § 2252A(a)(5)(B).

### IV.    Conclusion

For the reasons above, Defendant's Motion to Dismiss Count Four of the Second Superseding Indictment, ECF No. 171, is **DENIED**.

The Court DIRECTS the Clerks to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals Service.

ENTER:        September 4, 2014

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE